UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ROBERT W. JOHNSON,<br><br>    Plaintiff(s),<br><br>v.<br><br>FACEBOOK, et al.,<br><br>    Defendant(s). | Case No. 2:23-cv-01396-CDS-NJK<br><br>**REPORT AND RECOMMENDATION** |

Pending before the Court is Plaintiff's application to proceed *in forma pauperis*. Docket No. 7. Plaintiff has also filed a complaint for relief. Docket No. 2.

District courts have the authority to dismiss cases *sua sponte* without notice to the plaintiff when he "cannot possibly win relief." *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 638 (9th Cir. 1988).[1] "Plaintiffs generally have 'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.'" *Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007) (quoting *Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977) (en banc)). "Two actions are in the 'same court' within the meaning of the claim-splitting doctrine when both were filed in federal court." *Almaznai v. S-L Distr. Co.*, 2021 WL 4457025, at *5 n.5 (N.D. Cal. June 21, 2021).[2] The prohibition against claim splitting

---

[1] Plaintiff filed an application to proceed *in forma pauperis*. *See* Docket No. 7. When a plaintiff seeks to proceed *in forma pauperis*, courts generally resolve that application and (if granted) then screen the complaint to ensure that a claim for relief has been stated. 28 U.S.C. § 1915(e). The Court notes that Plaintiff attests in his application to proceed *in forma pauperis* to having literally no money at all, *see* Docket No. 7 at 1-2, but he has apparently been able to pay to mail filings to courts around the country, *see, e.g.*, *id.* at 4 (envelope identifying postage paid). Given the Court's ability to dismiss the complaint pursuant to the authority cited above, however, the Court declines to resolve the question of whether Plaintiff qualifies to proceed *in forma pauperis* before dismissing his case.

[2] "The claim-splitting doctrine does not apply where one of the actions was filed in state court and the other in federal court." *Id.*

1

is a "sub-species of the doctrine of claim preclusion." *Adobe Sys. Inc. v. Wowza Media Sys., LLC*, 72 F. Supp. 3d 989, 993-94 (N.D. Cal. 2014); *see also Adams*, 487 F.3d at 688-89 (holding that, in determining whether a subsequent suit is duplicative of a prior suit under the claim-splitting doctrine, courts "borrow from the test for claim preclusion").[3] "After weighing the equities of the case, the district court may exercise its discretion to dismiss a duplicative later-filed action, to stay that action pending resolution of the previously filed action, to enjoin the parties from proceeding with it, or to consolidate both actions." *Adams*, 487 F.3d at 688.

Plaintiff filed this suit for $100,000,000 in damages based on the unelaborated assertion that the defendants allegedly "committed identity theft, fraud, U.S. Constitutional Violations, RICO Acts and Due Process violations." Docket No. 2 at 2. The defendants range from Donald Trump and Vladimir Putin, to Facebook and Twitter, to Rudy Giuliani, Kenneth Chesebro, and John Eastman. *See* Docket No. 2 at 1; *see also* Docket No. 2-1 (civil cover page). While Plaintiff filed his lawsuit in this courthouse on September 5, 2023, *see, e.g.*, Docket No. 1 at 1, he had already by that date filed the same suit in other federal jurisdictions, *see, e.g.*, *Johnson v. Trump*, 2023 U.S. Dist. Lexis 153905, at *1 (D.N.M. Aug. 30, 2023).[4] Moreover, the federal case in New Mexico has since been dismissed for failing to state a claim, *Johnson v. Trump*, 2023 U.S. Dist. Lexis 173911 (D.N.M. Sept. 26, 2023), and judgment has been entered, *Johnson v. Trump*, Case No. 1:23-cv-00723-KWR-LF, Docket No. 9 (D.N.M. Sept. 26, 2023).

---

[3] Claim preclusion bars a second action where "(1) the same parties, or their privies, were involved in the prior litigation, (2) the prior litigation involved the same claim or cause of action as the later suit, and (3) the prior litigation was terminated by a final judgment on the merits." *Cent. Delta Water Agency v. United States*, 306 F.3d 938, 952 (9th Cir. 2002).

[4] Plaintiff filed his duplicative suit in a number of other courts. *See, e.g.*, *Johnson v. Facebook*, 2023 U.S. Dist. Lexis 189622, at *3 (D. Haw. Oct. 23, 2023); *Johnson v. Trump*, 2023 U.S. Dist. Lexis 190686, at *4 (D.S.D. Oct. 20, 2023); *Johnson v. Facebook*, 2023 U.S. Dist. Lexis 186916, at *9 (E.D. Wis. Oct. 18, 2023); *Johnson v. Facebook*, 2023 U.S. Dist. Lexis 2023 U.S. Dist. Lexis 187533, at *1-2 (D.P.R. Oct. 18, 2023). For ease of reference, the undersigned focuses herein on the suit filed in the federal court in New Mexico.

2

In short, Plaintiff has sued the same defendants based on the same conclusory allegation in other federal courts. His efforts elsewhere have already resulted in dismissal of his case. Plaintiff's complaint here is also subject to denial on the basis of claim-splitting.[5]

Accordingly, the undersigned **RECOMMENDS** that this case be **DISMISSED**.

Dated: November 3, 2023

_____
Nancy J. Koppe
United States Magistrate Judge

## NOTICE

This report and recommendation is submitted to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation must file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

---

[5] Although the undersigned focuses herein on claim-splitting, there are a number of problems with Plaintiff's complaint that could lead to dismissal, including the first-to-file rule, *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94-95 (9th Cir. 1982), and improper venue, *see* 28 U.S.C. § 1391(e); *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986). The undersigned declines to resolve those issues, however, given the prohibition on claim-splitting.