UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Robert W. Johnson,<br><br>               Plaintiff<br><br>   v.<br><br>Facebook, et al.,<br><br>               Defendants | Case No. 2:23-cv-01396-CDS-NJK<br><br>**Order Adopting Magistrate Judge's Report & Recommendation, Overruling Plaintiff's Objections, and Closing Case**<br><br>[ECF Nos. 7, 8, 9, 10] |

     Pro se plaintiff Robert Johnson initiated this action by filing an application for leave to proceed in forma pauperis (ECF No. 1) alongside his complaint alleging identity theft, fraud, constitutional violations, Racketeer Influenced and Corrupt Organizations Act ("RICO") violations, and due process violations against Facebook and a host of other defendants, ranging from social media companies to various political figures (ECF No. 2). Magistrate Judge Nancy Koppe recommends that this case be dismissed because the claim-splitting doctrine forecloses Johnson's ability to bring separate actions involving the same subject matter at the same time in the same court against the same defendants. R&R, ECF No. 8. Johnson objects to the report and recommendation. ECF No. 9. Having considered the objection and the R&R, I agree with Judge Koppe, overrule Johnson's objection, adopt the R&R in its entirety, and kindly direct the Clerk of Court to close this case.

**I.     Legal standard**

     "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) ("The statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise."). A magistrate judge's order

should only be set aside if it is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); LR IB 3-1(a); 28 U.S.C. § 636(b)(1)(A). A magistrate judge's order is "clearly erroneous" if the court has "a definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); *Burdick v. Comm'r IRS*, 979 F.2d 1369, 1370 (9th Cir. 1992). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law[,] or rules of procedure." *UnitedHealth Grp., Inc. v. United Healthcare, Inc.*, 2014 WL 4635882, at *1 (D. Nev. Sept. 16, 2014).

## II. Background

After screening Johnson's complaint, Judge Koppe recommended that this case be dismissed pursuant to the claim-splitting doctrine. *See generally* ECF No. 8. As observed in the R&R, Johnson has initiated at least five federal actions alleging identical claims against the same defendants. *Id.* at 2. Judge Koppe concluded that the claim-splitting doctrine, which prevents a plaintiff from harassing a defendant by filing identical, simultaneous actions in separate courts, bars Johnson from reasserting claims that have already been adjudicated. *Id.* at 1–2. Johnson objected to that R&R. ECF No. 9.

## III. Discussion

### A. Johnson's objection to the R&R (ECF No. 9) is overruled.

As a threshold matter, it is well established that courts must liberally construe documents filed by pro se litigants and afford them the benefit of any doubt. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). However, even liberally construing his motion, the court cannot identify any specific part of the report and recommendation to which Johnson objects or takes issue. *See generally* ECF No. 9. "When a specific objection is made to a portion of a magistrate judge's report [and] recommendation, the court subjects that portion . . . to a *de novo* review." *Kenniston v. McDonald*, 2019 WL 2579965, at *7 (S.D. Cal. June 24, 2019) (citing Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C)). "To be 'specific,' the objection must, with particularity, identify the portions of the proposed findings, recommendations, or report to

which it has an objection and the basis for the objection." *Id.* (citing *Mario v. P & C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002)). Johnson has raised no argument to suggest that any mistake or legal error was made in the analysis performed in the R&R. Because Johnson fails to identify any relevant statute, case law, or rules of procedure that Judge Koppe supposedly misapplied, I overrule Johnson's objection.

    **B.**  **I review and adopt the R&R in full.**

Nonetheless, in accordance with 28 U.S.C. §636(b)(1) and Local Rule IB 3-2, I find it appropriate to conduct a de novo review to determine whether to adopt the report and recommendation. In doing so, I agree with Judge Koppe that this case is barred per the claim-splitting doctrine.

The theory of claim splitting bars a party from subsequent, duplicative litigation where the "same controversy" exists. *Fairway Rest. Equip. Contracting, Inc. v. Makino*, 148 F. Supp. 3d 1126, 1128 (D. Nev. 2015) (citing *Single Chip Sys. Corp. v. Intermec IP Corp.*, 495 F. Supp. 2d 1052, 1057 (S.D. Cal. 2007). To determine whether a suit is duplicative, courts in the Ninth Circuit borrow from the test for claim preclusion. *Adams v. California Dep't of Health Servs.*, 487 F.3d 684, 688–89 (9th Cir. 2007). "We examine whether the causes of action and relief sought, as well as the parties or privies to the action, are the same." *Id.*; *see also Phillips v. Salt River Police Dep't.*, 586 F. App'x 381 (9th Cir. 2014). Claim splitting, however, does not require a final judgment on the merits in the prior case. *Single Chip Sys. Corp.*, 495 F.Supp.2d at 1058. Instead, a court *assumes* that the first suit was final, and then determines if the second suit could be precluded. *Id.* at 1059.

In determining whether the actions are similar enough to warrant application of the claim splitting doctrine, the court considers four factors: (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of

3

the same transactional nucleus of facts. *Adams*, 487 F.3d at 689. The last factor is the most important. *Id.*

The instant case is a textbook violation of the claim-splitting doctrine. Using just one of the other five federal actions as an example, in August 2023, Johnson filed suit against the same defendants at issue here—Donald J. Trump, Rudy Giuliani, Vladimir Putin, Facebook, Meta, Twitter, and others—in federal court in New Mexico. *Johnson v. Trump*, 2023 U.S. Dist. Lexis 173911 (D.N.M. Sept. 26, 2023). There, Johnson alleged the same claims alleged here: that "[a]ll defendants committed identity theft, fraud, U.S. Constitutional violations, RICO acts and due process violations against [him]." Case No. 1:23-cv-00723-KWR-LF, ECF No. 1. Approximately a week after initiating the New Mexico action, Johnson filed the instant suit against the same defendants alleging the same claims: that defendants "committed identity theft, fraud, U.S. Constitutional Violations, RICO Acts and Due Process violations." Compl., ECF No. 2 at 2.

These two suits are the definition of duplicative—each contains the same parties, the same claims, and though unelaborated in the complaint, presumably arise from the same transactional nucleus of facts. Whether for the purpose of harassment or because he believes rolling the dice in Nevada will give him better odds, Johnson seeks to litigate in this district the same claims which he already filed in the earlier New Mexico case. This is precisely what the claim-splitting doctrine prohibits. *See, e.g.*, *Shahrokhi v. Harter*, 2021 U.S. Dist. LEXIS 247936, *4 (D. Nev. Dec. 30, 2021) ("This court finds that this complaint violates the general prohibits against claim-splitting because the exact same facts and transactions upon which the claims in this suit are based are also the subject of multiple other federal complaints."). Importantly, Johnson has had, and continues to have, the opportunity to fully litigate his claims in another forum—for example, the New Mexico court dismissed the complaint without prejudice. *Johnson*, 2023 U.S. Dist. LEXIS 173911 at *2. For that reason, and because it will serve judicial efficiency, I dismiss this case with prejudice. *See id.*

Because I dismiss the complaint with prejudice, plaintiff's motion for default judgment is denied as moot.

## IV. Conclusion

IT IS THEREFORE ORDERED that Magistrate Judge Koppe's Report and Recommendation **[ECF No. 8] is ADOPTED** in its entirety.

IT IS FURTHER ORDERED that plaintiff's objection **[ECF No. 9] is OVERRULED**.

IT IS FURTHER ORDERED that plaintiff's application for leave to proceed in forma pauperis **[ECF No. 7]** and motion for default judgment **[ECF No. 10] are DENIED as moot**.

This case is dismissed with prejudice, and the Clerk of Court is kindly instructed to enter judgment accordingly and close this case.

DATED: December 15, 2023

_____
Cristina D. Silva
United States District Judge